# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOSEPH AUGUSTINE DATILLO            PLAINTIFF

v.               CIVIL ACTION NO. 3:14-CV-267-M

JAMES M. PECK et al.               DEFENDANTS

## MEMORANDUM OPINION

After Plaintiff failed to comply with a notice of deficiency sent by the Clerk of Court explaining that his filing was deficient because he did not file summonses and he did not either pay the $400 filing fee or file a motion to proceed *in forma pauperis*, the Court entered an Order that within 30 days Plaintiff must file summonses and either pay the $400 filing fee or file a motion to proceed *in forma pauperis*. That Order warned Plaintiff that failure to comply within the allotted time would result in dismissal of this action.

Instead of complying with the Order, Plaintiff has filed an objection to the Court's Order. He appears to assert that he made full payment "for any/all service" with the IRS Form 1040V and IRS Form W-9 he attached to his response to the notice of deficiency.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more

generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Because Plaintiff failed to comply with the Court's Order, by separate Order, the Court will dismiss the instant action. *See* FED. R. CIV. P. 41(b) (governing involuntary dismissal).

Date: June 17, 2014

*[signature: Joseph H. McKinley]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4414.009